UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GILBERT,<br><br>      Petitioner,<br><br>  vs.<br><br>DERRAL ADAMS,<br><br>      Respondent. | Case No. 2:02-cv-0218-JKS-HC<br><br>MEMORANDUM DECISION |

  Thomas Gilbert, appearing *pro se*, filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. In its Scheduling and Planning Order (*see* Docket 19),[1] the Court disposed of all issues raised by Petitioner except the issue of ineffective assistance of counsel. In that order, because Petitioner raised factual matters that did not occur on the record, the Court directed Respondent to supplement the record with the affidavit of Patricia Bowman or, alternatively, her deposition. The Court further directed Respondent to request certain information from Ms. Bowman as follows (citations are omitted):

> In order to fully evaluate Gilbert's claims that Ms. Bowman's lack of effectiveness coerced his plea, she should be asked to disclose what information Gilbert provided her, and what independent investigation she and her agents conducted. She should also be asked what advice, if any, she gave Gilbert regarding his plea, and specifically whether she threatened to abandon him if he refused to plead. Further she should be asked to verify the statements she made on the record regarding advising Gilbert of the offense to which he plead [*sic*] and the minimum and maximum penalties, if any, for the offenses with which he was charged. Finally, she should be asked if Gilbert ever told her that he suffered from aphasia or dyslexia and whether she had any reason to be concerned about his competency to stand trial, or understand and communicate with her and with the judge.

---

[1] The Scheduling and Planning Order also extensively recites the factual and procedural background of the case and is not repeated here except as necessary to understand this part of the Court's decision.

Respondent, with leave of court, expanded the record to include the declaration under perjury of Patricia Bowman (see Dockets 20 and 21).[2] Review of Ms. Bowman's declaration reveals that she responded fully to the requested information.

As this court noted in the Scheduling and Planning Order, Petitioner's contentions are somewhat conclusory. He appears to contend that after he rejected the plea agreement in open court, Ms. Bowman told him that unless he pled she would abandon him, refuse to call any witnesses on his behalf and leave him to the 18-year sentence promised by the prosecutor if Petitioner went to trial. If true, these alleged "threats," which were off the record, would support a finding that the plea was coerced and that he was denied the effective assistance of counsel. Petitioner also alleges that he did not understand that under the plea agreement he was waiving any right to credit for time served. Petitioner's contentions are directly contradicted by both the record of the plea hearing and the declaration of Ms. Bowman.

At the plea hearing the following colloquy took place between the court and Petitioner.

> THE COURT: Recalling Mr. Gilbert's case.
>
> Mrs. Bowman, your client now wishes to accept the offer of the People which is to plead to Count One with the understanding that he would also admit a prior strike conviction, all other counts and enhancements will be stricken and dismissed on motion of the People, and you would receive a stipulated term of eight years in state prison which is mid-term double, and he would waive his credits to date.
>
> MRS. BOWMAN: Yes, your Honor, he does.
>
> THE COURT: Is that what you want to do Mr. Gilbert?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Counsel have you discussed with your client the elements of the crime charged and the defenses he may have?
>
> MRS. BOWMAN: Oh, yes.
>
> THE COURT: Have you explained his rights?
>
> MRS. BOWMAN: I have.
>
> THE COURT: Have you explained the consequences of this plea?

---

[2] A declaration under penalty of perjury may be substituted for an affidavit. 28 U.S.C. § 1746.

>MRS. BOWMAN:  I certainly have.
>
>THE COURT:  Does he understand those things?
>
>MRS. BOWMAN:  He did.
>
>THE COURT:  Do you understand those things, Mr. Gilbert?
>
>THE DEFENDANT:  Yes, I do.

After taking the *Boykin-Tahl* waiver,[3] the court continued.

>THE COURT:  Other than what has been stated here to today in open court, has anyone made you any promises to get you to enter this plea?
>
>THE DEFENDANT:  No.
>
>THE COURT:  Have you been threatened in any way, sir?
>
>THE DEFENDANT:  No.
>
>\* \* \* \*
>
>THE COURT:  Do you have any questions of me or your attorney?
>
>THE DEFENDANT:  No.
>
>THE COURT:  In view of the plea, do you agree to waive your credits up to today's date which are two hundred and two days?
>
>Is that correct, sir?
>
>THE DEFENDANT:  Yes

Ms. Bowman in her declaration stated:

>5. That at our first jail visit on July 8, 199, I provided Mr. Gilbert a copy of my case file containing the charges, police reports, and his rap sheet.  I informed him of the elements of the offenses charged, by reference to CALJIC, the Health and Safety Code and Penal Code.
>
>6. That I hired Joseph Enloe, a retired homicide detective frm the Sacramento Police Department, to conduct investigation, and Mr. Enloe tried to locate and serve subpoenas on the five people named as defense witnesses.  Mr. Enloe was unable to locate some of these witnesses; and, the witnesses Mr. Enloe found were not in any way helpful to the defense.
>
>7. I advised Mr. Gilbert that the evidence against him was overwhelming and that he should take the plea-bargain of eight years instead of risking

---

[3] *Boykin v. Alabama*, 395 U.S. 238 (1969); *In re Tahl*, 81 Cal.Rptr. 577 (Cal.1969).

imprisonment for 18 years or more upon conviction.  I advised him that his witnesses were either not found or were not helpful to the claimed defense.

      8.  Mr. Gilbert demanded that I challenge the Three Strikes Law, and I prepared and filed an arguable motion challenging that law, based on *Skinner v. Oklahoma* (1942) 316 U.S. 535, and the Eighth and Fourteenth Amendments.  The motion became moot by his plea, which removed a second strike prior.

      9.  At no time did I threaten to abandon Mr. Gilbert or otherwise threaten or pressure him in any way to induce his plea.  I told him that I made more money by going to trial than by settlements, but that I was concerned about his needless suffering of years of punishment should he reject the plea-bargain.  Mr. Gilbert is mistaken if he claims I threatened to abandon him as a client.

      10.  I do verify the statements I made in open court at the time of the plea that I did fully advise Mr. Gilbert of the elements of the offenses charged, the maximum and minimum penalties for those offenses, and the consequences of conviction.  Mr. Gilbert fully understood these facts, as far as I could tell.

      11.  I have never until my very recent notice of this federal proceeding heard that Mr. Gilbert might have suffered from any mental or medical condition, and surely not aphasia or dyslexia.  Mr. Gilbert never informed me of such conditions.  I never had any reason to be concerned about his competency to stand trial or to communicate with me and with the judge.  He appeared at all times to be alert, and claimed vast knowledge of the law and his rights.  He appeared to be well able to understand and communicate with me at all times.  He never seemed to be in less than complete command of his world.  I would not have hesitated to have obtained a psychologist to evaluate him had I suspected he was not mentally competent to assist me or to understand and participate in the proceedings in any pertinent respect.

      12.  I believe Mr. Gilbert got a good deal and understood exactly what he was doing when he entered his plea in this case.

Because Petitioner filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d).  Consequently, this court cannot grant relief unless the decision of the California Superior Court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).  In applying this standard, this court reviews the last reasoned decision by the state court, *Robinson v. Ignacio,*

360 F.3d 1044, 1055 (9th Cir.2004), which in this case was that of the Superior Court. In addition, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Normally, when a petitioner's allegations of a coerced plea or ineffective assistance of counsel are based on alleged occurrences outside the record, an evidentiary hearing is required. *See United States v. Gutierrez*, 116 F.3d 412, 416 (9th Cir.1997) (coerced plea); *Jones v. Woods*, 114 F.3d 1002, 1012–1013 (9th Cir.1997) (ineffective counsel). The California Superior Court did not hold an evidentiary hearing. Petitioner has not requested a further evidentiary hearing in this Court and the Court has determined that both the coerced plea and effectiveness of counsel issues may be determined on the declaration of Ms. Bowman and the transcript of the plea proceedings before the California Superior Court. Where the issue of credibility can be "conclusively decided on the basis of documentary testimony and evidence in the record," no evidentiary hearing is required. *United States v. Espinoza,* 866 F.2d 1067, 1069 (9th Cir.1989) (internal quotations and citations omitted). Rather than conduct a hearing, courts may use other documentary evidence to expand the record. *Id.; Watts v. United States,* 841 F.2d 275, 277 (9th Cir.1988). The Section 2254 Rules, as well as case law, make clear the availability of this option. *See id.;* RULES—SECTION 2254 CASES, Rule 7, 1976 Advisory Committee Notes (1976 Adoption); *Blackledge v. Allison,* 431 U.S. 63, 81–83 (1963); *Farrow v. United States,* 580 F.2d 1339, 1352-53 (9th Cir.1978) (en banc). The Court is of the opinion where, as here, a petitioner's allegations are somewhat vague and conclusory, the issues may be resolved on the record without further hearing. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir.1989).

To demonstrate ineffective assistance of counsel, Petitioner must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The two-part *Strickland* test "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart,* 474 U.S. 52, 57 (1985). A deficient performance is one in which counsel made errors so serious that she was not functioning as the counsel guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687. Petitioner must show that defense counsel's representation was not within the range of

competence demanded of attorneys in criminal cases and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different. *Hill*.

Inasmuch as a guilty plea is a waiver of the Fifth Amendment's protection against compulsory self-incrimination, the right to a jury trial and the right to confront one's accusers, it must be a knowing, intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States,* 397 U.S. 742, 748 (1970).  Because "an intelligent assessment of the relative advantages of pleading guilty is frequently impossible without the assistance of an attorney," *id.* at 748 n. 6, counsel have a duty to supply criminal defendants with necessary and accurate information, *see Iaea v. Sunn,* 800 F.2d 861, 866 (9th Cir.1986).

It follows, *a fortiori*, that under the foregoing principles if defense counsel coerces a guilty plea by promises or threats that deprive it of the nature of a voluntary act, not only is the plea rendered involuntary but counsel has been manifestly ineffective.  If the facts in the case at bar supported Petitioner's contentions this court would have no alternative but to grant the petition.  Unfortunately for Petitioner, not only do the facts in the record, as recited above, simply not provide the necessary support, but the relief he requested undercuts his position.  This Court has conducted a *de novo* review of the record, as expanded, and finds that Petitioner's contentions are not supported by the evidence.  Both his unequivocal responses at the plea hearing and the declaration of Ms. Bowman conclusively establish Ms. Bowman neither threatened to withdraw or refused to call witnesses.  The plea hearing transcript also conclusively establishes he fully understood that he was waiving his right to time served credits.

More importantly though, Petitioner does not show that the outcome would be any different.  In his state court habeas petition Petitioner requested two elements of relief: (1) grant him credit for pre-sentence time served and (2) modification of the sentence to show a term of three years double [a low-term as opposed to the mid-term sentence he received].  Most tellingly, Petitioner did not ask to be permitted to withdraw his guilty plea—just that he be given a sentence less than that offered by the People!  In short, Petitioner is asking this court to compel the prosecution to accept a counter-offer.  Even if this Court were inclined to accept Petitioner's "invitation," it can find no authority for it to grant such relief.

The transcript of the plea hearing clearly indicates that the prosecution was not inclined to accept a lesser sentence. The California Superior Court, in denying Petitioner's *habeas corpus* petition and finding a lack of prejudice stated in part:

> Petitioner's wishful thinking that the case would have been dismissed or that he would have received a low-term sentence had counsel been diligent does not meet the standard set forth in <u>Strickland</u>. The court's statements at sentencing indicate that based on Petitioner's extensive criminal history, a low-term sentence would have been a virtual impossibility.

This Court can not, on the record, find that the decision of the California Superior Court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Nor can this Court find that the California Superior Court unreasonably applied the correct legal principle to the facts of the prisoner's case; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable. *Lockyer*, 538 U.S. at 75, citing *Williams v. Taylor,* 529 U.S. at 413.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the court will issue a Certificate of Appealability under 28 U.S.C. § 2253(c) solely on the issue of whether Petitioner was entitled to an evidentiary hearing. *See Earp v. Ornoski*, 431 F.3d 1158 (9th Cir. 2005). All other issues raised in the petition were addressed by the California Superior Court in its decision and no reasonable jurist could find that its decision was "objectively unreasonable." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated at Anchorage, Alaska this 23rd day of March, 2006.

                                                s/ James K. Singleton, Jr.
                                                JAMES K. SINGLETON, JR.
                                                United States District Judge